FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMI R., | |
| Plaintiff, | No. 1:18-CV-03098-RHW |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 14. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II of the Act, 42 U.S.C. § 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

# I. JURISDICTION

Plaintiff filed her application for Disability Insurance Benefits on November 18, 2014. AR 15. Her alleged onset date of disability was March 25, 2009, with a date last insured of September 30, 2019. *Id*. Plaintiff's application was initially denied on March 25, 2015, and on reconsideration on August 20, 2015. *Id*.

A hearing with Administrative Law Judge ("ALJ") Robert M. Senander occurred on March 31, 2017. *Id*. On June 7, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-23. The Appeals Council denied Plaintiff's request for review on April 9, 2018, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner. *See* 20 C.F.R. § 404.981.

Plaintiff timely filed the present action challenging the denial of benefits, on June 8, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

## III.  STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 48 years old at the alleged onset date. AR 58, 67. She has obtained her GED. AR 182. Plaintiff is able to communicate in English. AR 150, 180. Plaintiff has past relevant work as a store clerk. AR 183.

## V.    THE ALJ'S FINDINGS

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from March 25, 2009, her alleged onset date, through September 30, 2014, the date last insured. AR 23.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity from March 25, 2009, her alleged onset date, through September 30, 2014, the date last insured the filing of her application on November 24, 2014 (citing 20 C.F.R. § 416.971 *et seq*.). AR 17.

**At step two**, the ALJ found that, through the date last insured, Plaintiff had the following severe impairments: osteoarthritis and allied disorders; other disorders of the gastrointestinal system; and chronic liver disease (citing 20 C.F.R. § 416.920(c)). *Id*.

At **step three**, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (citing 20 C.F.R. §§§ 416. 920(d), 416.925 and 416.926). AR 18.

**At step four**, the ALJ found that Plaintiff has the following residual functional capacity: she can perform light work, as defined in 20 C.F.R. § 416. 967(b), with the following exceptions: she can lift 10 pounds frequently and 20 pounds occasionally; can stand for six hours or an eight-hour workday; can sit for six hours of an eight-hour workday; can occasionally climb stairs; can never climb ladders; and she can occasionally balance, stoop, kneel, crawl and crouch. AR 18-19.

The ALJ determined that Plaintiff is capable of performing past relevant work as a cashier checker. AR 22.

## VI.    ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly rejecting Plaintiff's subjective complaints; (2) improperly rejecting medical opinion evidence; and (3) failing to conduct a proper analysis at Step Four of the Sequential Evaluation Process.  ECF No. 12 at 8.

## VII.    DISCUSSION

### A. The ALJ Properly Discredited Plaintiff's Subjective Complaints.

Plaintiff argues that the ALJ erred by discrediting Plaintiff's subjective complaint testimony without providing clear and convincing reasons for doing so. ECF No. 12 at 15-17. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the

severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284.

When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 19. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 19-22.

### 1. The ALJ properly discredited Plaintiff's subjective complaints due to her activities of daily living.

At the hearing, Plaintiff alleged that she cannot stand for more than one hour at a time. AR 40. The ALJ found that this allegation was belied by her reports and

ability to walk multiple miles a day and perform other activities that require standing for longer than one hour at a time such as babysitting her grandchildren. AR 21, 276, 284, 330, 334, 342, 345, 349, 353. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

As such, the ALJ properly determined that Plaintiff's activities did not support the level of disability she alleged and provided multiple clear and convincing reasons for such determination.

### 2. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistency with treatment.

The ALJ further found that Plaintiff's allegations of disabling limitations were inconsistent with the level of treatment she sought during the relevant time period. AR 21-28. The Ninth Circuit has indicated that a claimant's statements may be less credible when treatment is inconsistent with the level of complaints, or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. The ALJ pointed to ample inconsistencies between Plaintiff's allegations and her actual level of treatment.

The ALJ pointed out that despite her allegations of disabling pain, Plaintiff failed to seek treatment for this alleged impairment on multiple occasions. AR 19-21, 367, 321-404. "Unexplained, or inadequately explained, failure to seek treatment … can cast doubt on the sincerity of [a] claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ also pointed to Plaintiff's successful treatment. *See* AR 19-21, 252, 309. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (an ALJ may find a claimant's subjective symptom testimony not credible based on evidence of effective responses to treatment); *see also* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3). Based on the above, the ALJ properly determined that Plaintiff's level of treatment did not support level of impairment by Plaintiff.

Thus, the record supports the ALJ's determination that Plaintiff's conditions were not as limiting as Plaintiff's alleged. The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the

"evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

Here, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse credibility finding. The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ Properly Weighed the Medical Opinion Evidence.**

Plaintiff also asserts that the ALJ erred in weighing the medical opinion evidence from two providers: (1) treating physician, Wendy R. Eider, M.D.; and (2) treating provider, Tanda Ferguson, A.R.N.P. ECF No. 12 at 10-15.

**1. Legal standard.**

Title II's regulations, and accordingly, the Ninth Circuit, distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining physicians). *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(c)(1)-(2). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining physician's. *Holohan*, 246 F.3d at 1202. In addition, the regulations give more

weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over those of non-specialists. *Id.*

In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

The ALJ satisfies the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks omitted). In contrast, an ALJ fails to satisfy the standard when he or she "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his [or her] conclusion." *Id.* at 1012-13. When rejecting a treating provider's opinion

on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Importantly, the "specific and legitimate" standard analyzed above only applies to evidence from "acceptable medical sources." *Molina*, 674 F.3d at 1111. These include licensed physicians, licensed psychologists, and various other specialists. *See* former 20 C.F.R. §§ 404.1513(a) (2014).

"Other sources" for opinions—such as nurse practitioners, physician's assistants, therapists, teachers, social workers, chiropractors, and other nonmedical sources—are not entitled to the same deference as acceptable medical sources.[1] *Molina*, 674 F.3d at 1111; *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *see* 20 C.F.R. § 404.1527(f). ALJs must consider nonmedical sources' lay observations about a claimant's symptoms or how an impairment affects ability to work. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ may discount a nonmedical source's opinion by providing reasons "germane" to each witness for doing so. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

### 2. Treating physician, Wendy R. Eider, M.D.

---

[1] For claims filed on or after March 27, 2017, licensed nurse practitioners and physician assistants can qualify as acceptable medical sources in certain situations. *See* 20 C.F.R. § 404.1502(a)(7)-(8). As Plaintiff filed her claim in 2014, this does not apply here.

In December 2009, Dr. Eider opined that Plaintiff should avoid heavy lifting and the doctor did not see Plaintiff returning to work at that point. AR 21, 278. In her briefing, Plaintiff argues that the ALJ improperly rejected Dr. Eider's opinion. ECF No. 12 at 10-13.

The ALJ assigned little and no controlling weight to Dr. Eiders opinion because it did not specify what functional limitations prevented Plaintiff from working and it was inconsistent with Plaintiff's own statements, her level of treatment and other objective medical evidence in the record, AR 21. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record).

It is the ALJ's task to sort through "conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings," which the ALJ did here. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."

*Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Eider's opinion.

### 3. Treating provider, Tanda Ferguson, A.R.N.P.

Plaintiff also asserts that the ALJ erred by rejecting treating nurse Ferguson's opinion. ECF No. 12 at 13-15. The opinion testimony of Ms. Ferguson, falls under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen*, 100 F.3d at 1467. An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *See Dodrill*, 12 F.3d at 919.

Ms. Ferguson provided three opinions with regard to Plaintiff's limitations: (1) June 2009; (2) November 2010; and (3) December 2011. AR 21, 284, 308, 313. In 2009, Ms. Fergusson opined that she did not expect Plaintiff to be able to return to work in the near future, AR 21, 313; in 2010, Ms. Ferguson opined that Plaintiff

could no longer stand or lift for any length of time, AR 21, 308; and in 2011, Ms. Ferguson opined that Plaintiff could return to work starting with four hours of light duty per day and increasing as permitted. AR 21, 407-408.

The ALJ afforded little to no controlling weight to Ms. Ferguson's opinions because they were inconsistent with Plaintiff's daily activities, her limited level of treatment, her improved liver function, as well as much of the objective medical evidence of record. AR 21-22. For example, it was inconsistent with Plaintiff's normal and benign examination findings as well as her ability to walk multiple miles per day and care for her grandchildren. AR 21-22, 276, 277, 284, 328, 330, 345, 347, 349, 357. It is not necessary for an ALJ to agree with everything an expert witness says in order to conclude the testimony constitutes substantial evidence. *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988). It is the ALJ's task to sort through "conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings," which the ALJ did here. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Further, An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Because the ALJ presented a reasonable interpretation of Ms. Ferguson's opinions along with other evidence in the record, the Court will not second-guess it. *See Reddick*, 157 F.3d at 725; *Rollins*, 261 F.3d at 857; *Molina*, 674 F.3d at

1111; *Thomas*, 278 F.3d at 954; *supra* at p. 23. Thus, the Court finds the ALJ did not err in his consideration of Ms. Ferguson's opinions.

## C. The ALJ Did Not Err at Step Four of the Sequential Evaluation Process.

Plaintiff argues the ALJ erred in his analysis at step four of the sequential evaluation process. ECF No. 21 at 17-19.

At step four, the claimant has the burden of showing she can no longer perform her past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f), 416.912(a), 416.920(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). An individual is not disabled if despite his residual functional capacity she can perform her past relevant work *either* as she performed it or as it is generally performed in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (emphasis added); *see Villa v. Heckler*, 797 F.2d 794, 798 (1986) ("[t]he claimant has the burden of proving an inability to return to his former type of work and not just to his former job."); *see also* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2).

In determining whether a claimant is capable of doing her past relevant work as actually performed, Social Security Regulations name two sources of information that may be used: a properly completed vocational report, SSR 82–61, and the claimant's own testimony, SSR 82–41. *Pinto*, 249 F.3d at 845. In determining if an individual can perform past relevant work as it is generally performed, the best source for how a job is generally performed is usually the

Dictionary of Occupational Titles. *Pinto*, 249 F.3d at 845–46 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995); 20 C.F.R. §§ 404.1566(d) and 416.966(d); SSR 82–61).

Here, the ALJ made findings as to Plaintiff's impairments and functional limitations, determined her residual functional capacity based on those findings, presented a hypothetical based on the Dictionary of Occupational Titles ("DOT") to the vocational expert who was present at the hearing, and relied on the expert's testimony that Plaintiff could perform her past relevant work as a cashier-checker. AR 18-19, 22-23, 54-55. Specifically, the ALJ asked the vocational expert to determine whether a person with Plaintiff's limitations could perform the duties of cashier-checker as described in the DOT. AR 54. The expert testified that a person with her limitations could in fact perform the work duties required by that specific type of work AR 55. Thus, the Court finds that the ALJ reasonably relied on the vocational expert's testimony which was properly formed around the guidelines of the DOT.

Plaintiff further argues that the ALJ erred at step four of the sequential evaluation process because he improperly weighed the opinion and testimonial evidence. ECF No. 12 at 18-19. This is merely an attempt to repeat the same arguments discussed above. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity

finding did not account for all limitations and the resulting vocational expert hypothetical was incomplete. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Accordingly, based on the evidence, the Dictionary of Occupational Titles, and the testimony of the vocational expert, the ALJ properly concluded that Plaintiff could perform her past relevant work as she had performed it and as it is generally performed in the national economy, thus the Court will not find error with regard to this issue. AR 15-23.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

///

///

///

///

///

3. Judgment shall be entered in favor of Defendant and the file shall be

**CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order,

forward copies to counsel and **close the file**.

**DATED** this 1st day of October, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge